IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR. NO. <u>1:19-cr-10041-JDB-2</u> |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES ALSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STRIKE SURPLUSAGE FROM THE INDICTMENT**
_____

The United States hereby opposes Defendant Charles Alston's (the "Defendant's") Motion to Dismiss or Strike Surplus Language from the Indictment in the above-referenced case. The Defendant has provided no legal basis to dismiss the indictment and has failed to meet the exacting standard required to prevail on a motion to strike under Federal Rule of Criminal Procedure 7(d). In addition, the Defendant's concern about the jury's access to the indictment is more properly addressed after a trial in this matter, at which time the Defendant could move to require the government to redact portions of the indictment (if any) that are unsupported by evidence.[1]  Accordingly, his motion should be denied.

---

[1] *See, e.g., United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (noting, "it is proper to reserve ruling on a motion to strike surplusage until the trial court has heard evidence that will establish the relevance of the allegedly surplus language").

1

**BACKGROUND**

On April 15, 2019, Defendant Charles Alston and his co-Defendant Britney Petway, were charged by indictment with one count of Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846 (Dkt. 3). Paragraphs three through fifteen of the indictment, found on pages two through six, discuss "Controlled Substance Statutes and Controlling Regulations." The indictment then provides details of the charges against Defendants Alston and Petway, including the purpose of the drug conspiracy, and the manner and means by which the defendants sought to accomplish the purpose and object of the conspiracy.

According to the indictment, Defendant Petway was a nurse practitioner at the time of the relevant conduct, who was prescribing various narcotics outside the scope of professional practice and not for a legitimate medical purpose. She is alleged to have paid Defendant Alston to be her supervising physician; he gave her practice an appearance of legitimacy by signing a form for the state indicating that he was her supervising physician, and purported to supervise Petway's charts. The indictment alleges, *inter alia*, that Defendant Alston approved Petway's prescriptions for controlled substances that were not for a legitimate medical purpose and outside the scope of professional practice, and the two did not register their clinic as a pain management clinic as required by the State. Moreover, the indictment provides further specific conduct which occurred under Defendant Alston's supervision.

Defendant Alston initially appeared before the court on April 17, 2019 (Dkt. 8), and was released subject to pretrial conditions on April 18, 2019 (Dkt. 18). On May 8, 2019, the court granted the government's consent motion to continue the defendant's May 9,

2019, Report Date to June 19, 2019 (Dkt. 60). The same day, Defendant Alston filed the instant Motion to Dismiss or Strike Surplus Language from the Indictment (Dkt. 58). No trial date has been set in this matter.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." The purpose of this Rule is to provide the defendant with notice of the charges against him, so that he can properly prepare to defend himself. *See United States v. Hudson*, 491 F.3d 590, 592-3 (6th Cir. 2007). Rule 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed.R.Crim.P. 7(d).

Rule 7(d) "is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). "[A] motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Montgomery*, 10 F. Supp. 3d 801, 816 (W.D. Tenn. 2014) (quoting 1 Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure § 128, at 643 (4th ed.2008)). The standard under Rule 7(d) has been "strictly construed against striking surplusage." *Kemper*, 503 F.2d at 329. Moreover, the Sixth Circuit instructs, "[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (quoting *United States v. Thomas*, 875 F.2d 559, 562 n. 2 (6th Cir .),

cert. denied, 493 U.S. 867 (1989)).

## ARGUMENT

Defendant's argument that including relevant statutes and regulations in the indictment is a basis for dismissal, or that the language should be stricken, is without merit. As an initial matter, there is no legal basis for dismissal here. Rule 7(d) provides that the remedy for an indictment that contains prejudicial surplus language would be to strike that language.[2] Defendant Alston, however, cannot prevail on a motion to strike the challenged language under Rule 7(d) because he has failed to show that the statutes and regulations discussed in the indictment are prejudicial or irrelevant to the charged crime.

As a threshold matter, the Defendant essentially concedes that the challenged language is not surplusage at all, stating, "[a]ll these items are alleged facts that would support the government theory in trying to secure a conviction" and they "need to be proven by the government via admissible evidence (not summarily listed as fact in the indictment)." (Mot. at 2); *See Moss, supra.* Because the government will prove the standards set forth in the challenged section of the indictment at trial, even if such proof may indeed hurt the Defendant's case, "it cannot be considered surplusage no matter how prejudicial it may be." *See Moss,* 9 F.3d at 550.

In any event, providing the statutory and regulatory framework for conspiracy to distribute a controlled substance is not the type of prejudicial information contemplated by Rule 7(d). Indeed, the controlled substance act statutes and regulations are not even

---

[2] The defense has pointed to no case law supporting the proposition that providing too much background in an indictment violates due process under 7(c). Due process requires that the defendant be provided "notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired . . ." *Cole v. Arkansas*, 333 U.S. 196 (1948). It is clear from the Defendant's motion (at 1) that he understands the nature of the charges against him – that he participated in a conspiracy to improperly distribute controlled substances.

4

"allegations" against Defendant Alston specifically; instead, they provide background information useful to understand the crime charged. In the challenged section, the indictment provides the standards for medical professionals prescribing certain narcotics within the statutory and regulatory scheme. For example, Paragraph 10 states, *inter alia*, that the "Rules of the Tennessee State Board of Medical Examiners governed the supervision of nurse practitioners by physicians in Tennessee" during the period of relevant conduct and that "[a]ccording to the regulations, a supervisory physician shall be responsible for ensuring compliance with the applicable standard of care." The contested paragraphs include no inflammatory claims against the defendants, and instead provide information that even the defense describes (at 2) as "helpful in educating . . . regarding the historical legal background as to the regulation of opiates." As the defense further describes (at 2), this language includes "prescribing requirements for opiates."

Even if the language were prejudicial, the challenged language is plainly relevant to the charge in the indictment. Here, Defendant Alston is alleged to have participated in a conspiracy to distribute drugs outside the usual scope of professional practice and not for a legitimate medical purpose. Proof that Defendant Alston violated minimal state standards for dispensing the specific narcotics for which he is charged is relevant and material. *See, e.g., United States v. Miller*, 815 F.2d 80 (6th Cir. 1987) (per curium) (unpublished) (finding district court did not abuse discretion in denying defendant's motion to strike applicable state amphetamine regulations, the quantity of amphetamines and phendimetrazine purchased, and doctor's ranking in amphetamine purchases in comparison to other doctors, where this was relevant and material to show that the defendant was practicing outside the normal course of medical practice). In short, it is

5

appropriate for the indictment to include applicable standards for prescribing narcotics where the government would prove at trial that Defendants Alston and Petway violated those standards.

## CONCLUSION

Defendant has neither demonstrated that the purportedly "surplus language" is prejudicial nor shown that the challenged language is irrelevant to the charged crime. In fact, Defendant has acknowledged that the language is not surplusage at all by recognizing in his motion that the government would seek to prove these facts through evidence at trial. Accordingly, Defendant's motion should be denied.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

By:      */s/ Jillian Willis*  
JILLIAN D. WILLIS
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section

## **CERTIFICATE OF SERVICE**

I, Jillian Willis, Trial Attorney in the United States Department of Justice, Criminal Division, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

THIS the 22nd day of May, 2019.

                                              */s/ Jillian Willis*
                                            JILLIAN D. WILLIS
                                            Trial Attorney
                                            United States Department of Justice
                                            Criminal Division, Fraud Section