IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : INDICTMENT NO. |
| | : |
| | : 1:19-CR-10041-JDB |
| | : |
| CHARLES ALSTON, M.D., ET AL | : |

## MOTION TO REVEAL IDENTITY OF CONFIDENTIAL INFORMANT(S)

COMES NOW Defendant Charles Alston, by and through undersigned counsel, and requests this Honorable Court to issue an order compelling the government to disclose the identity of any and all confidential informants in a timely fashion. In support thereof, Defendant shows as follows:

## PROPOSED FINDINGS OF FACT

On 4/15/19, the indictment in the case at bar was handed down by the federal grand jury. The indictment charges Defendant with one count of Conspiracy to Distribute and Dispense Controlled Substances in violation of Title 21, United States Code, Section 846. This charge is based largely on evidence acquired through the use of a confidential informant(s).

The DEA's investigation of Defendant commenced when, on 12/5/17, Diversion Investigator Karen L. Knight received information that the co-Defendant was reportedly prescribing large quantities of controlled

substances not for legitimate medical reasons. Knight's case initiation report is silent as to where or from whom she received the information. The report further states that the target of the investigation is co-defendant Britney Petway and any other co-conspirators who facilitated the fraudulent distribution of controlled substances. All other information from the report is redacted. Defendant Alston's name is never mentioned.

On 1/8/19, over a year after Investigator Knight received any information, a second confidential informant ("CI") participated in a telephone interview with Tennessee Bureau of Investigation ("TBI") Agent John Chew. Chew's report states that the CI provided him with the information that while employed at Superior Health and Wellness Clinic. Specifically, the CI stated that all of the patient's medical records were maintained in paper form and were stored at the office and in co-Defendant's vehicle (when she had to take them home). The CI also advised that scheduling and insurance claims were completed on the computer. No other information is included in the report. The very next day, TBI and DEA agents began interviewing former employees and patients.

There is no link, to prove a conspiracy to illegally prescribe prescription medication, between Defendant Alston and co-Defendant Petway in the discovery. Thus, one presumes that the two different unidentified sources that

got the investigation started in this case must have provided some information that connects Defendant Alston and co-Defendant Petway in some meaningful fashion.

## ARGUMENT AND CITATION TO AUTHORITY

The United State Supreme Court in Roviaro v. U.S., 353 U.S. 53 (1957), held that the prosecution is required to disclose an informant's identity when the informant's communications with the Defendant are relevant to his defense. "Where the disclosure of an informant's identity, or of the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way." Id. at 60. The more involved the informant is in the crime charged, the more likely it is that the Defendant is entitled to disclosure of the informant's identity. *See generally*, U.S. v. Beals, 698 F.3d 248, 270 (6th Cir. 2012).

In determining whether the government must disclose an informant's identity, the Roviaro court set out three factors for consideration. These factors include: (1) the extent of the informant's participation in the crime; (2) the directness of the relationship of the asserted defense and the probable testimony of the informant; and (3) the prosecution's interest in non-disclosure. Roviaro v. U.S., 353 U.S. 53 (1957).

Further, the informant's identity must be disclosed once the Defendant has shown that the "disclosure is essential to a fair trial". U.S. v. Moore, 954 F.2d 379, 381 (6th Cir. 1992). In Moore, the court found the defendant was not entitled to the CI's identity because he "advanced no more than a simple statement" that the CI's testimony "might assist in his defense". Id. The court added to this standard in Beals by finding the defendant was not entitled because the informant's information only amounted to a "fruitful search". Beals, 698 F.3d at 270. *See also* U.S. v. Ray, 803 F.3d 244, 274 (6th Cir. 2015) (finding defendant not entitled to identity when CI only supplied information and defendant failed to demonstrate how the information would "substantially assist his defense"). However, it is important to note that recently the Sixth Circuit has admitted that their "precedent has not specified what kind of evidence defendant is required to produce before he successfully requests disclosure." United States v. Shanklin, 924 F.3d 905, 915 (6th Cir. 2019). In fact, when a defendant's primary argument for disclosure is based on the likelihood that the CI possesses information necessary for the defendant's sole defense, it's entirely possible that the majority of the defendant's motion will rely on speculation concerning the CI's testimony. The court further clarifies that the defendant only needs evidence creating a plausible inference about the CI's testimony. Id.

In the case at bar, the government's entire case against Defendant Alston revolves around information provided to them by the CI(s). Because the reports of the DEA's undercover investigation never so much as mention Defendant Alston's name, it is crucial to his defense for the identity of the CI to be revealed. No evidence in the discovery provided by the government suggested that any information about Defendant Alston turned up in any of their undercover activities; thus, it suggests that the CI(s) provided some information that link these two Defendants.

Unless the government is structuring their entire conspiracy on the fact that Alston's name was on a prescription pad's and his signing off on the patient charts provided, Defendant Alston absolutely needs to know the identity of the CIs in order to understand how these witnesses are saying he is linked with co-Defendant Petway and thereby determine what information he must defend himself against. The simple fact that Defendant signed patient files and had his name on letterhead does not prove up a conspiracy; therefore, the CIs must have said something in order for the agents to hitch Defendant Alston to co-Defendant Petway's behavior.

Considering the long gap in time between the DEA's undercover activities and TBI's call with the CI, the government must have relied on the CI(s) to develop every element of their case against Defendant Alston.

Accordingly, in order to mount an adequate defense, Defendant must have notice of where the information regarding his alleged criminal conduct is coming from - he must have access to the identity of the CI(s). The prosecution is in possession of this information and should be compelled to disclose it to Defendant.

In summary, given the nonexistent evidence of a conspiracy provided in the government's discovery, Defendant Alston has shown more than a plausible inference that the identity of the confidential informants and their testimony is absolutely essential to substantively prepare his defense in this case.

Further, failing to disclose the identity or identities of the CI(s) denies the Defendant the opportunity to question the CI's motivation for cooperating with the government, to ascertain whether the CI(s) received any benefit in exchange for this cooperation, and to use this information to impeach their credibility. It also denies Defendant his fundamental right to confront those offering evidence against him. Thus, Defendant must be provided with the information requested in a timely fashion in order to obtain a fair trial. Defendant further requests an oral argument in this matter.

WHEREFORE, Defendant Alston respectfully asks this Court to

compel the government to disclose the identity of any or all of the confidential informants used in this case and calendar this matter for an oral argument.

Respectfully submitted, this the 19th day of June, 2019.

/s/ *Manubir S, Arora*
MANUBIR S. ARORA
GA Bar No. 061641
Attorney for Defendant
75 W. Wieuca Road, N.E.
Atlanta, Georgia 30342
Office (404) 881-8866
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
TN Bar No. 015009
Attorney for Defendant
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | INDICTMENT NO. |
| | : | |
| | : | 1:19-CR-10041-JDB |
| | : | |
| CHARLES ALSTON, M.D., ET AL | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day (6/19/19), I have e-filed a copy of the within and foregoing **Motion to Reveal Identity of Confidential Informant(s)**, upon all parties involved via the federal e-filing system

/s/ *Manubir S, Arora*
MANUBIR S. ARORA
GA Bar No. 061641
75 W. Wieuca Road, N.E.
Atlanta, Georgia 30342
Office (404) 881-8866
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
TN Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | INDICTMENT NO. |
| : | |
| : | 1:19-CR-10041-JDB |
| : | |
| CHARLES ALSTON, M.D., ET AL : | |

## CERTIFICATE OF CONSULTATION

I hereby certify that on this day (6/19/19), opposing counsel was contacted via electronic mail and informed of Defendant's intention of filing the within and foregoing **Motion to Reveal Identity of Confidential Informat(s),** and on this day (6/19/19), counsel for the Government has not notified Defendant of its stance on the motion at hand.

/s/ *Manubir S, Arora*
MANUBIR S. ARORA
GA Bar No. 061641
75 W. Wieuca Road, N.E.
Atlanta, Georgia 30342
Office (404) 881-8866
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
TN Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com