IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR. NO. 1:19-cr-10041-JDB-2 |
| ) | |
| vs. ) | |
| ) | |
| CHARLES ALSTON, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**
_____

The United States hereby opposes Defendant Charles Alston's (the "Defendant's") Motion to Modify Release Conditions. Alston is charged by indictment with conspiracy to distribute controlled substances outside the scope of professional practice, and not for a legitimate medical purpose; to ensure the safety of the community (and patients throughout the Western District of Tennessee) he should not be permitted to prescribe controlled substances pending trial. Accordingly, his motion should be denied.

## BACKGROUND

On April 15, 2019, Charles Alston, along with his co-Defendant Britney Petway, was charged by indictment with one count of Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846 (Dkt. 3). Defendant Alston initially appeared before the court on April 17, 2019 (Dkt. 8). The government moved, and argued for, Defendant Alston's detention during a hearing on April 18, 2019; following the detention hearing, he was released subject to pretrial conditions that day (Dkt. 18).

Specifically, the Court ordered, *inter alia*, that the defendant "not supervise any nurse practitioners or mid-level professionals" and prohibited the defendant "from prescribing Schedule II drug[s] or any benzodiazepine or Carisoprodol" (Dkt. 19 at 2). On June 18, 2019, Defendant Alston filed the instant Motion, requesting the Court "to modify [his] bond in order to allow him to prescribe medication under the monitoring of pre-trial services" (Dkt. 71). In his motion, Alston has not alleged any changed circumstances or reduced danger to the community; rather, he reiterates his own financial interest in being permitted to prescribe the same drugs that he was indicted for conspiring to distribute unlawfully.

## LEGAL STANDARD

Section 3142 of Title 18 governs release pending trial. Under 18 U.S.C. § 3142(a), "[u]pon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order" regarding a defendant's pre-trial release or detention. Under § 3142(c), the court may fashion release conditions "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." Moreover, "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release." *See* 18 U.S.C. § 3142(c)(3).

Pursuant to 18 U.S.C. § 3145 (a)(2), a district court may review a magistrate judge's release order on motion by the defendant. A magistrate judge's release order is reviewed de novo. *See United States v. Miranda*, 2019 WL 1237074, at *2 (E.D. Mich. Mar. 18, 2019) (citing *United States v. Marcum*, 953 F. Supp. 877, 880 (W.D. Tenn. 2013)); *see also United States v. Romans*, 2000 WL 658042, at *1 (6th Cir. May 9, 2000) (affirming district court that had reviewed the magistrate judge's detention order de novo).

Accordingly, the Court must "engage in the same analysis, with the same options . . . as the magistrate judge." *Villegas*, 2011 WL 1135018, at *4 (quoting *United States v. Yamini*, 91 F.Supp.2d 1125, 1129 (S.D. Ohio 2000)) (internal quotation marks omitted).

Under 18 U.S.C. § 3142(g), the Court considers four factors when "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community": (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. A defendant must be detained pending trial if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Bail Act requires detention whenever a defendant is either a flight-risk or a danger to the community. *See id.*; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). Moreover, certain crimes carry a presumption of detention; conspiracy to distribute a controlled substance is such a charge. *See* 18 U.S.C. § 3142(e)(2) and (3).

## ARGUMENT

As an initial matter, Defendant Alston has not cited to the statutory basis for amending his release conditions, so it is not clear whether he is asking Magistrate Judge York to reconsider his initial conditions of bond, or seeking a de novo review of bond conditions from the District Court. To the extent that the Defendant is requesting a de novo review of his conditions of release under § 3145(a)(2), the government maintains its position presented at the detention hearing that Defendant Alston should be detained.

The government did not seek review of the Magistrate Judge's Order regarding Alston's release conditions (and is not filing such a motion now). However, if Alston is asking the District Court to consider the defendant's conditions anew, the government maintains its arguments presented in favor of detention.

The crime with which Alston has been indicted, conspiracy to distribute a controlled substance, sets forth a presumption of detention. *Marcrum*, 953 F. Supp. 2d at 880 ("when the government submits an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention.") (citation omitted). In addition, the factors articulated in § 3142(g) weigh against Defendant Alston. First, the statute expressly instructs the court to consider whether a crime involves a controlled substance when considering the nature and circumstances of the offense. *See* 3142(g)(1). Defendant Alston is charged with conspiring with Petway to distribute controlled substances over a period of years. Petway, under Alston's supervision, prescribed *hundreds of thousands* of opioid pills, and on multiple occasions prescribed the "holy trinity," which is comprised of opioids (usually Oxycodone), benzodiazepines (usually Alprazolam), and the muscle relaxer Carisoprodol. Second, the weight of the evidence weighs against Alston. Alston was Petway's supervising physician, he was registered with the State as her preceptor, his name was at the top of her prescription pads for Superior Health, he had an obligation to review her charts, and witness interviews indicate that he did in fact review at least some her charts.

Alston's argument that he has been a physician for quite some time is unavailing; his lengthy tenure suggests he knew better, but nevertheless abused his position of trust. And the evidence suggests that Petway was not the only nurse practitioner that he had

supervised. Prior to Petway's tenure at Superior Health, Alston supervised both Petway and Jeffrey Young at another practice. Young developed the persona of the "Rock Doc," and because of his unlawful distribution activities and inappropriate sexual contact with patients, Young has also been indicted; he is currently being detained because the Court determined that he was a danger to the community. Indeed, conspiring to distribute strong opioids into the community is clearly a danger to patients and citizens in Western Tennessee.

Defendant Alston's release conditions should also not be modified under 18 U.S.C. § 3142(c)(3); prohibiting the Defendant from prescribing Schedule II narcotics and two specific drugs remains the least restrictive means to ensure the safety of the community. Here, Alston's chief argument appears not to be about the safety and welfare of the community, but the defendant's own financial benefit associated with being able to prescribe controlled substances (See Dkt. 71 at 2, noting that he would like to prescribe "so that he can make a living and support his family"). In any case, the release order does not prevent Dr. Alston from prescribing all controlled substances, only those specifically involved in the crime with which he has been federally indicted – Schedule II narcotics, and other drugs involved in the "holy trinity" (benzodiazepines and Carisoprodol). Moreover, courts around the country have restricted physicians' ability to prescribe controlled substances as part of release conditions. *See, e.g., United States v. Fata*, 2013 WL 4084765, at *4 (E.D. Mich. Aug. 13, 2013) (defendant charged with health care fraud precluded from prescribing as part of conditions of release).

Finally, as a practical matter, Alston has not addressed the difficulties of having pre-trial services monitor his prescription practices, including how the court would be able

5

keep track of whether he was prescribing within the scope of professional practice and for a legitimate medical purpose.

In short, there is not a basis to modify the Defendant's release conditions. WHEREFORE Defendant's Motion Should be DENIED.

                                    Respectfully submitted,

                                    D. MICHAEL DUNAVANT
                                  United States Attorney

By:    */s/ Jillian Willis*
        JILLIAN D. WILLIS
        Trial Attorney
        United States Department of Justice
        Criminal Division, Fraud Section

## **CERTIFICATE OF SERVICE**

I, Jillian Willis, Trial Attorney in the United States Department of Justice, Criminal Division, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

THIS the 2nd day of July, 2019.

                                    */s/ Jillian Willis*
                                    JILLIAN D. WILLIS
                                    Trial Attorney
                                    United States Department of Justice
                                    Criminal Division, Fraud Section