# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | INDICTMENT NO. |
| CHARLES ALSTON, M.D., *et al.*, | 1:19-CR-10041-JDB |
| Defendants. | |

### MOTION TO EXCLUDE GOVERNMENT EXPERTS SCHNEIDER AND CHRISTENSEN

COMES NOW, Defendant Charles Alston ("Defendant"), by and through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), and respectfully moves this honorable Court to exclude Government experts Dr. John R. Schneider and Dr. Carl Christensen from testifying due to not providing a written summary as required by Rule 16. In support thereof, Defendant shows this Court the following:

### BACKGROUND

The single count in the indictment charges the two co-Defendants with a violation of 21 U.S.C. § 841, Conspiracy to Distribute and Dispense Controlled Substances. Defendant requested all information and material that falls within any subsection of Rule 16 on June 20, 2019. (Doc. 77). All motions and notices were due on September 16, 2019. (Doc. 86). The Government filed a notice of intent to offer expert testimony on September 16, 2019. (Doc. 107). According to the notice,

the Government anticipates calling both Dr. Christensen and Dr. Schneider as expert witnesses.[1]  (Doc. 107).

The Government has provided a "chart review" from Dr. Christensen in the discovery.[2]  However, the Government has not provided Dr. Christensen's qualifications.  The Government also has not provided a written summary of Dr. Schneider's anticipated testimony.  The notice simply states that Dr. Schneider will testify regarding "medical standards for treating patients with opioids in Tennessee."  *Id.*  The notice also says that Dr. Schneider *may* "testify regarding the facts set forth in Paragraphs 3 through 14 of the indictment, including the CDC guidelines, FDA warnings, and guidance provided to medical professionals in Tennessee."  *Id.*

## DISCUSSION

**I.    The Notice Is Inadequate**.

Rule 16 requires the Government to supply a "written summary" of any expert testimony the Government intends to introduce at trial.  Fed. R. Crim. P. 16(a)(1)(G).  The summary must provide the expert witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.  *Id.*  The Government's notice here

---

[1] Dr. Schneider is the medical director and president of Comprehensive Pain & Neurology Center, PLLC, in Murfreesboro, Tennessee.  (Doc. 107).
[2] Defendant still takes issue with Dr. Christensen's chart review because it is not complete.  Dr. Christensen's chart review only reviews 20 patient files, even though there are 77 patient files and 3 hospital records provided in discovery.

completely fails to comply with the standard expert disclosure requirements of Rule 16.

### A. The Experts' Opinions and Bases and Reasons for those Opinions

The objective of Rule 16(a)(1)(G) was to "minimize surprise that often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16(a)(1)(G), Advisory Committee Notes (1993 Amendment). The government's notice cannot simply list general subject matters to which the expert will testify; rather, the government must identify what opinion the expert would offer on those subjects. *See United States v. White*, 492 F.3d 380, 407 (6th Cir. 2007).

Perhaps the most important part of Rule 16 is that the requesting party be provided with a summary of the bases of the expert's opinion. *United States v. Davis*, 514 F.3d 596, 612 (6th Cir. 2008); *see* Fed. R. Crim. P. 16, Advisory Committee Notes (1993 Amendment). In *Davis*, the government provided defense counsel with a copy of the Tennessee Bureau of Investigation Forensic Chemistry Report along with a letter that stated a chemist would testify consistent with the laboratory report. *Davis*, 514 F.3d at 612. The letter also stated that the chemist's testimony will be based on "training, including formal education, and experience, including having conducted numerous such examinations." *Id.* The government in

*Davis* subsequently filed a notice of expert testimony which described in one sentence the bases for their expert's opinions: "The findings of each chemist are based upon his/her education, training, experience and scientific tests he/she performed on the substances submitted." *Davis*, 514 F.3d at 612. The Court in *Davis* found the notice insufficient and that the government violated Rule 16(a)(1)(G) by not adequately indicating the bases for the chemists' laboratory reports. *Id*. Our case at hand is similar to *Davis*.

Furthermore, in *United States v. Lazar*, this Court ordered the government to produce a written expert report for each expert after failing to comply with Rule 16. No. 04-20017-DV, 2004 WL 7331840, at *2 (W.D. Tenn. Oct. 28, 2004). This Court ordered the written expert reports include:

> 1) a list of specific patient records relied on by such expert; 2) all information provided by the government, through any agent or attorney, to such expert other than patient records; 3) the substances of all communications between such expert and any other physician along with the name of such physician; 4) the substance off [sic] all communications between such expert and any patient along with the name of such patient; and 5) the expert's own reasons for his or her *specific* opinions including an explanation of the expert's methodology used in reaching his or her opinions.

*Lazar*, 2004 WL 7331840, at *2 (emphasis added).

### 1. Dr. Christensen

The Government provided a copy of a Tennessee Bureau of Investigation Investigative Report (dated 2/10/19) which had Dr. Christensen's dictations

attached. The dictation report created by Dr. Christensen is a summary of 20 patient files found in the discovery. The Government subsequently filed a notice of expert testimony (Doc. 107) which did not disclose any basis for Dr. Christensen's alleged opinions.[3] This is very similar to what happened *Davis*. Just like in *Davis*, the notice here is insufficient.

While it seems as though Dr. Christensen has listed the patient files he reviewed, he failed to meet any other criteria laid out in *Lazar*. Specifically, Dr. Christensen failed to give his own reasons for his opinions including an explanation of his methodology. The Government's notice fails to meet the requirements of Rule 16.

Dr. Christensen's chart review is simply a dictation and summary of the patient files. Dr. Christensen specifically states this in his 2/10/19 letter to Special Agent John Chew: "Attached are my dictations on the patient files sent to me on Britney Petway. There are summaries on each patient file reviewed, followed by a full dictation of each chart." Similar to *White* where the Court held there needed to be actual opinions offered by the expert rather than general subject matters, the Government has not provided any detailed opinions by Dr. Christensen. The expert notice as to Dr. Christensen is lacking.

---

[3] Dr. Christensen did not make any conclusive detailed opinions; rather, he made one-sentence generalized assertions with no support. *See supra* at 5.

### 2. *Dr. Schneider*

The Government has not disclosed any opinions made by Dr. Schneider. The Government's notice only states that Dr. Schneider will testify "regarding medical standards for treating patients with opioids in Tennessee." (Doc. 107). This general statement broadly states what subject matter Dr. Schneider may testify about. It does not state any opinions of Dr. Schneider or what those opinions would be based on. While the Defendant might safely assume that Dr. Schneider will say that Defendant did not follow his interpretation of Tennessee medical standards, Defendant cannot adequately prepare to rebut that testimony without a more detailed summary of Dr. Schneider's opinions. Therefore, the Government's notice fails to comply with the expert disclosure requirements of Rule 16.

A summary of the expert witness's bases for his opinion must be provided even when the expert has not prepared any reports. *White*, 492 F.3d at 406. Dr. Schneider has not prepared any reports, but that does not excuse the Government from disclosing any bases for Dr. Schneider's missing opinion. Again, the Government has provided nothing that is required under Rule 16 for Dr. Schneider. The Government only stated that Dr. Schneider will testify to "medical standards for treating patients with opioids in Tennessee." (Doc. 107).

**B. Qualifications of Experts**

The Government's Rule 16 disclosure only included Dr. Schneider's title, and it did not disclose any qualification information whatsoever regarding Dr. Christensen. (Doc. 107). While Rule 16 does not suggest what information is sufficient to satisfy the witness qualification disclosure, Federal Rule of Civil Procedure 26(a)(2)(B) provides some guidance. *Lazar*, 2004 WL 7331840, at *2. "Rule 26(a)(2)(B) states that the disclosure of expert testimony report should contain 'the qualifications of a witness, including a list of all publications authored by the witness within the preceding ten years, the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.'" *Lazar*, 2004 WL 7331840, at *2.

In *Lazar*, the government provided a brief educational and training background on each of its expert witnesses that were expected to testify. *Id.* The *Lazar* court found the government's minimal disclosure was not enough. Thus, the *Lazar* court ordered the government to produce a list of the expert's employment history, publications, presentations, prior testimony on the same issues, and the expert's personal or economical motivations for testifying. *Id.*

Here, the Government did not provide any information on Dr. Christensen; rather, the Government merely stated that the discovery they provided contains a "file review and related documentation." (Doc 107). But the file and related

documentation the Government refers to is Dr. Christensen's 2/10/19 letter to Special Agent John Chew which only has Dr. Christensen's alleged opinions and an excel sheet restating the prescription dates in discovery. The file review does have an email address and phone number under Dr. Christensen's signature line, but that is not enough to satisfy Rule 16.[4]

Likewise, the Government provided Dr. Schneider's current title but provided no additional information. This also does not satisfy Rule 16. The Government made no attempt to quantify their witnesses' experience, work history, nor to attach so much as a resume. The lack of information about key expert witnesses leaves Defendant unable to prepare to challenge the expert witnesses' qualifications at trial. *See White*, 492 F.3d at 406-07 (holding expert witness qualification disclosure insufficient when government merely gave the witnesses' titles, employers, and contact information). Here, the Government disclosed less than the government in *White* disclosed. If the Court in *White* held that the government failed to disclose sufficient witness qualifications, then surely that threshold has not been met here either. This is especially true when there was no information provided about Dr.

---

[4] Defendant can only guess that Dr. Christensen is a professor at Wayne State University (WSU) in Detroit after performing a google search of the email address because the last mention of Dr. Christensen on the WSU website is from a 2012 article. It is worth noting that there are no results in WSU's directory for Christensen. https://wayne.edu/directory/?type=directory&q=Christensen.

Christensen's qualifications and when the Government only provided Dr. Schneider's title of what we can assume is his current position.

## CONCLUSION

Wherefore, Defendant moves the Court to exclude expert testimony by Dr. Christensen and Dr. Schneider due to improper notice violating Rule 16.  Defendant further requests an oral argument on this matter.

Respectfully submitted this 20th day of September, 2019.

/s/ *Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
Facsimile (404) 865-3525
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | INDICTMENT NO. |
| CHARLES ALSTON, M.D., *et al.*, | 1:19-CR-10041-JDB |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **MOTION TO EXCLUDE GOVERNMENT EXPERTS SCHNEIDER AND CHRISTENSEN** upon all parties via the federal e-filing system.

This 20th day of September, 2019.

>  */s/ Manubir S. Arora*
>  MANUBIR S. ARORA
>  Georgia Bar No. 061641
>  75 W Wieuca Rd. NE
>  Atlanta, Georgia 30342
>  Office (404) 881-8866
>  Facsimile (404) 865-3525
>  manny@aroralascala.com
>
>  /s/ *Worrick Robinson*
>  WORRICK ROBINSON
>  Tennessee Bar No. 015009
>  446 James Robertson Pkwy
>  Suite 200
>  Nashville, TN 37219
>  Office (615) 726-0900
>  wrobinson@rrylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | INDICTMENT NO. |
| CHARLES ALSTON, M.D., *et al.*, | 1:19-CR-10041-JDB |
| Defendants. | |

## **CERTIFICATE OF CONSULTATION**

I hereby certify that on 9/19/19 opposing counsel was contacted via electronic email and informed of Defendant's intention of filing the within and foregoing **MOTION TO EXCLUDE GOVERNMENT EXPERTS SCHNEIDER AND CHRISTENSEN**, and on this day counsel for the Government has objected to this motion.

This 20th day of September, 2019.

*/s/ Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
Facsimile (404) 865-3525
manny@aroralascala.com

*/s/ Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219

Office (615) 726-0900
wrobinson@rrylaw.com