IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | SUPERSEDING INDICTMENT NO. |
| | : | 1:19-CR-10041-JDB |
| CHARLES ALSTON, M.D. | : | |

**MOTION TO STRIKE SURPLUS LANGUAGE FROM THE SUPERSEDING INDICTMENT**

**COME NOW,** Defendant Charles Alston, in accordance with Fed.R.Crim.P. Rule 7(d), and respectfully asks the court to strike the surplusage in the indictment. The challenged language in the superseding indictment in this case states irrelevant factual / legal conclusions that are not needed to be proved by the Government as to any part of their case. Further, said language is substantially prejudicial to the Defendant.

**PROPOSED FINDINGS OF FACT**

The indictment in this case, pared of its irrelevant surplusage, alleges that the defendants participated in a conspiracy to improperly distribute controlled substances for financial gain.[1] Nothing more. There are no overdoses alleged or any other medical complications to any of the patients.

---

[1] Defendant had previously filed a somewhat similar motion challenging the original indictment, Doc. 58. The Court denied that motion in Doc. 79. The Defendant has reserved his objections to that ruling and adopted them as to the superseding indictment. In the original indictment, the Defendant only challenged

The challenged language is as follows:

- Paragraph 6 – "A controlled substance assigned to Schedule II meant that the drug had a high potential for abuse, was highly addictive…"

- Paragraph 6(c) – "…opioid controlled substances that had the highest potential for abuse and associated risk of fatal overdose."[2]

- Paragraph 11 – "It was well known that the combination of high-dose opioids and benzodiazepines…in any dose had a significant impact upon the risk of patient intoxication and overdose."[3]

- Paragraph 12 – "A benzodiazepine serves as a "potentiator" for the opioid's euphoric effect by increasing the "high" a user may obtain from opioid and is therefore often sought for this non-legitimate medical purpose."[4]

The prejudicial impact, and the irrelevance of the above statements is further amplified by paragraph 18 of the indictment. This paragraph alleges that the Defendants prescribed large amounts of pills for financial gain. There is no additional allegation or charge (in either of the two indictments) that any harm came to any of the patients at issue. The challenged language is gratuitous and has

---

the inclusion of the CDC language. The Defendant did not challenge the original indictment on the grounds listed in the instant motion (as to the superseding indictment).

[2] There is no allegation that there are any overdoses associated with our case.

[3] There is no allegation that there were any patients suffering from intoxication or overdose associated with the instant case.

[4] This is a severely misleading statement and a gross generalization. Any competent medical professional would tell us that every patient is to be looked at as an individual because the impact varies from patient to patient.

no bearing on our case. This language is not an element of any crime charged and need not be established by the Government to prove any part of the six counts of the superseding indictment.

### CITATION TO AUTHORITY AND ARGUMENT

Pursuant to Rule 7(d), "[u]pon the defendant's motion, the court may strike surplusage from the indictment[.]" Fed. R. Crim. P. 7(d).

Most recently, the Courts in the 6th Circuit have stated that rule7(d) "serves to 'protect the defendant against immaterial or irrelevant allegations in an indictment, ... which may ... be prejudicial.' " *United States v. Johnson*, 256 F. Supp. 3d 755, 759 (M.D. Tenn. 2017) quoting *United States v. Berroa*, 856 F.3d 141, 157 (1st Cir. 2017) (quoting *United States v. Lewis*, 40 F.3d 1325, 1346 (1st Cir. 1994)). "The Rule is properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Daugherty*, No. 5:16-CR-22-DCR-REW, 2017 WL 781048, at *1 (E.D. Ky. Feb. 28, 2017) quoting *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974).

" 'A redaction of an indictment is permissible so long as the elements of the offense charged are fully and clearly set out in what remains.' " *Johnson at 759* quoting  *United States v. Green*, 842 F.3d 1299, 1309 (11th Cir. 2016) (quoting *United States v. Adkinson*, 135 F.3d 1363, 1376 (11th Cir. 1998)).

"Recognizing as much, acknowledging that '[a] motion to strike

surplusage should be granted only where it is clear that the language is irrelevant and prejudicial,' " *Johnson at 759* quoting *United States v. Neller*, 229 F.3d 1154 (6th Cir. 2000).[5]

The Defense arguments notwithstanding, in the end "The decision whether to strike language from an indictment rests within the sound discretion of the district court." *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001).

The statements in paragraphs 6, 11 and 12 of the superseding indictment are totally irrelevant to the Government's proof. However, the prejudicial impact is substantial. Again, the Government is accusing the Defendants of prescribing large amounts of pills for financial gain. There is no additional allegation or charge (in either of the two indictments) that any harm came to any of the patients at issue. If that were the case, then numerous other counts would be included in the indictment (as they have been in companion cases). The challenged language is gratuitous and has no factual or legal relevance on our case. It is not an element of any crime charged and need not be established by the Government to prove their case.

## **CONCLUSION**

---

[5] *But see* "[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)." *United States v. Daugherty*, No. 5:16-CR-22-DCR-REW, 2017 WL 781048, at *1 (E.D. Ky. Feb. 28, 2017) quoting *United States v. Thomas*, 875 F.2d 559, 562 n.2 (6th Cir. 1989).

An indictment is not designed to be a closing argument. It is not designed to house prejudicial conclusions that are harmful to the Defendant. An indictment is a vehicle for the government to state the charges against a Defendant and nothing more. *See* Fed. R. Crim. P. 7(c)(1) and 12.

For the foregoing reasons, the Defendant urges the court to strike the surplusage as outlined *supra*.

Respectfully submitted, this the 25th day of November, 2019.

/s/ *Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
Facsimile (404) 865-3525
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | SUPERSEDING INDICTMENT NO. |
| | : | 1:19-CR-10041-JDB |
| CHARLES ALSTON, M.D. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day (11/25/19) I have e-filed a copy of the within and foregoing **MOTION TO STRIKE SURPLUS LANGUAGE FROM THE SUPERSEDING INDICTMENT** regarding the above-styled case upon all parties via the federal e-filing system.

/s/ *Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
Facsimile (404) 865-3525
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | SUPERSEDING INDICTMENT NO. |
| | : | 1:19-CR-10041-JDB |
| CHARLES ALSTON, M.D. | : | |

## CERTIFICATE OF CONSULTATION

I hereby certify that on 11/25/19 opposing counsel was contacted via electronic email and informed of Defendant's intention of filing the within and foregoing **MOTION TO STRIKE SURPLUS LANGUAGE FROM THE SUPERSEDING INDICTMENT**, and on this day counsel for the Government has objected to this motion.

This 25th day of November, 2019.

/s/ *Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com