# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | SUPERSEDING INDICTMENT NO. |
| : | 1:19-CR-10041-JDB |
| CHARLES ALSTON, M.D. : | |

## SUPPLEMENTAL MOTION TO SEVER DEFENDANT(S) AND REQUEST FOR ORAL ARGUMENT

COMES NOW the Defendant, Charles Alston, by and through undersigned counsel and requests this Honorable Court to find that the joinder of Defendant Alston with the co-defendant in the above styled criminal action was inappropriate under Federal Rule of Criminal Procedure Rule 8(b), or in the alternative, sever Defendant Alston from the above styled criminal action pursuant to Federal Rule of Criminal Procedure Rule 14.[1]

## PROPOSED FINDINGS OF FACT

The superseding indictment charges the two co-Defendants with a violation of 21 U.S.C. § 841, Conspiracy to Distribute and Dispense Controlled Substances, and five additional substantive counts.

The purpose of the conspiracy was to improperly prescribe medications in order to make "large profits." Indictment paragraph 18.

---

[1] Dr. Alston hereby incorporates the facts and argument from his first motion to sever as a supplement to this motion. *See* Documents 65 and 80.

The improper prescribing of medication is alleged to have taken place over a term of three years (July 2016 – April 2019). However, Dr. Alston was Ms. Petway's preceptor for only two of those years (July 2016 – April 2018).

The acts enumerated in the indictment describe only Ms. Petway's alleged conduct. Defendant Alston is being attached to this indictment solely on the erroneous assertion that as the preceptor he tacitly approves all the prescriptions written by Ms. Petway. Indictment paragraphs 21, 23 and 25.

In addition to what Dr. Alston previously argued as a basis to sever, the Government has since provided additional discovery related solely Ms. Petway. This discovery includes her bank records, her potential inculpatory Grand Jury testimony in a companion "pill mill" case and her being involved in money laundering (through her clinic) and cocaine trafficking.

On the other hand, there are no bank records as to Dr. Alston (since he did not profit from the alleged crime). Further, he was not involved in any companion cases or related to any of the parties in the numerous other indictments the government has obtained involving the "pill mill" cases. Finally, he has nothing to do with any investigation regarding money laundering or drug trafficking.

Aside from being the preceptor, there is no evidence connecting Dr. Alston to any alleged wrongdoing or earning a profit.

Based on the government's "spin," the purported wrongdoing on the part of Ms. Petway, her bank records and her prior court testimony, there will be prejudicial spill over upon Dr. Alston. This is because the government's entire theory against Dr. Alston is that he is "*per se*" liable because he was her preceptor. The fact that Ms. Petway may have made "large profits" or was aware of her alleged wrongful conduct (via the grand jury testimony) is in no way related to Dr. Alston – but will certainly be impugned against him.

Based on the amount of evidence that will be admissible against the co-Defendant as compared to the admissible evidence against Defendant Alston, the jury will be faced with having to hear repeated limiting instructions as to numerous (if not all) evidence presented at trial and then having to decipher what evidence may or may not be used against Dr. Alston.

### **ARGUMENT AND CITATION TO AUTHORITY**[2]

In Document 80, this Court approved joinder under Fed.R.Crim.P. 8.[3] Even with the finding as to Rule 8, the Court has the discretion under Fed.R.Crim.P. 14 to sever defendants "if it appears that a defendant... is prejudiced by a joinder" should be exercised in favor of severance.

---

[2] Dr. Alston has adopted Document 65 to supplement this motion and thus will not waste the Court's time re-stating the applicable case law previously cited.

[3] One reason the Court found that Rule 8 was not violated was due to the fact that only Ms. Petway and Dr. Alston were charged in a single conspiracy. However, the current indictment has alleged other co-conspirators "known and unknown to the Grand Jury." Indictment paragraph 17.

The Court previously found that Rule 14 was not violated because Dr. Alston "argued nothing more than a possible danger of prejudicial spillover evidence." Document 80. That is no longer the case. The spillover danger is no longer speculative or "possible." The spillover is real.

Dr. Alston reviews only a small fraction of patient files on a monthly basis. The patient files are provided to him by Ms. Petway or her staff. Dr. Alston does not have the right to scour through Ms. Petway's office and start pulling files at random. Dr. Alston has no ownership interest in Ms. Petway's practice. This procedure is in compliance with Tennessee law.

The Government presumably will attempt to admit Ms. Petway's bank records to prove the "large profits." There are no bank records or payments to Dr. Alston aside from his monthly charge of approximately $700. There are no other payments to Dr. Alston and there are no bank records that will be admitted as to Dr. Alston.[4]

Further, the Grand Jury testimony of Ms. Petway would be very inculpatory. Her testimony outlines her knowledge of misconduct as it pertains to a practice run by other nurse practitioners, the pitfalls to be vary of, how to document files, etc.

---

[4] There is no link between Ms. Petway's money laundering (through her clinic) or drug trafficking investigation with Dr. Alston.

These statements would be spun by the government to impute this not only to Ms. Petway but inevitably to Dr. Alston as the preceptor.[5]

Finally, the additional year charged in the indictment (April 2018 – April 2019) does not apply to Dr. Alston. All that evidence will have to be excluded as to him (which would require even more limiting instructions).

While limiting instructions may be useful in certain scenarios, they cannot be so in this case. Nearly every piece of admitted evidence will require limiting instructions.

In forming a decision regarding severance, courts have reviewed a number of factors to include: the relative weight of evidence, the nature of the crimes, the length of trial, the likelihood of having to conduct two identical trials, the possibility of confusion, peculiar features of the particular case which bear on the fairness of trying Defendants together.  *See generally*, United States v. Branker, 395 F.2d 881, 888 (9th Cir. 1968); United States v. Donaway, 447 F.2d 940 (9th Cir. 1971).

"Fairness," in this context, means the Defendant's guilt or innocence will be decided on the basis of the evidence presented against him, not the evidence offered against the lady in the chair next to him.

---

[5] The Grand Jury testimony is tantamount to a *Bruton* violation since Dr. Alston cannot cross examine Ms. Petway as to her statements.

> The Constitution does not guarantee a trial free from the burdens that inevitably accompany such a trial; rather it requires that the potential for transferability of guilt be minimized to the extent possible in order to 'individualize each defendant in his relation to the mass.'

<u>United States v. Martino</u>, 648 F.2d 367, 385-86 (5th Cir. 1981).

No allegation in the indictment nor anything in the government's discovery provides any hint of evidence that Dr. Alston financially benefitted from the alleged scheme. Dr. Alston served as a preceptor, and as such only reviewed a small percentage of charts monthly to provide that oversight. The government's discovery has provided no evidence suggesting that Alston's level of oversight was abnormal, or that it speaks to a greater plan to cash in on prescribing unnecessary Schedule II pharmaceuticals.

The joinder of these Defendants into one trial will be unfair. The jurors' consideration of the accusations against Dr. Alston will be tainted by the evidence introduced as to the activities and previous knowledge of Ms. Petway. Prejudicial spill-over will occur and prevent Dr. Alston from receiving a fair trial.

The disparity of evidence and repeated limiting instructions reasonably create the certainty of spill-over and prejudice against Dr. Alston.

WHEREFORE Dr. Alston respectfully asks the Court to sever the parties and allow oral argument on this issue.

Respectfully submitted, this the 4th day of December, 2019.

/s/ *Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
Facsimile (404) 865-3525
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | SUPERSEDING INDICTMENT NO. |
| | : | 1:19-CR-10041-JDB |
| CHARLES ALSTON, M.D. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day (12/4/19) I have e-filed a copy of the within and foregoing **SUPPLEMENTAL MOTION TO SEVER DEFENDANT(S) AND REQUEST FOR ORAL ARGUMENT** regarding the above-styled case upon all parties via the federal e-filing system.

/s/ *Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
Facsimile (404) 865-3525
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | SUPERSEDING INDICTMENT NO. |
| | : | 1:19-CR-10041-JDB |
| CHARLES ALSTON, M.D. | : | |

## CERTIFICATE OF CONSULTATION

I hereby certify that on 12/04/19 opposing counsel was contacted via email and informed of Defendant's intention of filing the within and foregoing **SUPPLEMENTAL MOTION TO SEVER DEFENDANT(S) AND REQUEST FOR ORAL ARGUMENT**, and on this day counsel for the Government has objected to this motion.

This 4th day of December, 2019.

/s/ *Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com