# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR. NO. <u>1:19-cr-10041-JDB-2</u> |
| ) | |
| vs. ) | |
| ) | |
| BRITNEY PETWAY and ) | |
| CHARLES ALSTON, ) | |
| ) | |
| Defendants. ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT CHARLES ALSTON'S SUPPLEMENTAL MOTION TO SEVER
___

The United States hereby opposes Defendant Charles Alston's (the "Defendant's") Supplemental Motion to Sever.[1] Since Defendant Alston filed his first motion to sever, he is now charged in a superseding indictment with not only conspiring with Britney Petway to illegally distribute controlled substances, but he is also charged alongside his Co-Defendant with five substantive counts of distribution and aiding and abetting. In his second motion to sever, Defendant Alston still has not carried his heavy burden to show "substantial, undue or compelling prejudice" that would result from a joint trial, as this Circuit requires. *See United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir.1999)). Instead, the crux of Alston's argument in his second motion is the same as the first: that evidence against his co-Defendant is stronger and this may spillover to him. Because Alston continues to "argue[]

___
[1] The Government incorporates by reference the background and arguments made in its first Opposition to Defendant's Motion to Sever (Dkt. 72).

1

nothing more than a possible danger of spillover evidence," this Court's reasoning in denying severance remains sound. Accordingly, his supplemental motion to sever should be denied.

## BACKGROUND

On April 15, 2019, Defendants Charles Alston and Britney Petway were charged by indictment with one count of Conspiracy to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846 (Dkt. 3). The indictment alleges that the purpose and object of the drug conspiracy was for Petway and Alston to "unlawfully enrich themselves" by, among other things, "prescribing controlled substances without a legitimate medical purpose and outside the scope of professional practice"; "generating large profits from those prescriptions"; and "diverting the proceeds from those controlled substance prescriptions" for their personal use and benefit.[2] In addition to conspiracy to distribute controlled substances, Defendant Alston and co-Defendant Petway, were charged by superseding indictment on November 18, 2019, with five substantive counts of aiding and abetting and distribution outside the scope of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Dkt. 120).

On June 4, 2019, Defendant Alston filed his first motion to sever (Dkt. 65). In his motion, Alston argued that "[t]he alleged acts take place over a term of three years (July 2016-April 2019)" and that Alston's "alleged involvement in any of these acts is based

---

[2] Contrary to Defendant Alston's suggestion at pg. 3 n. 3 in his current motion (Dkt. 130), the superseding indictment and the first indictment contain the same language in Paragraph 17. Accordingly, Defendant Alston's assertion that "[o]ne reason the Court found that Rule 8 was not violated was due to the fact that only Ms. Petway and Dr. Alston were charged in a single conspiracy . . . the current indictment has alleged other co-conspirators 'known and unknown to the Grand Jury'" is of no moment, given that this argument is not based in fact.

solely on the fact that he served as the co-Defendant's preceptor, a supervision that ended in 2018" (*Id.* at 2). He argued, *inter alia*, that "[b]ased on the amount of evidence that [would] be admissible against the co-Defendant as compared to the admissible evidence against Defendant Alston, the jury [would] be faced with the enormous task of sifting through an inordinate amount of evidence hardly containing a trace of Defendant Alston's name when deliberating his fate" (*Id.* at 3). He further contended that "[p]rejudicial spill-over [would] occur and prevent Defendant Alston from receiving a fair trial" (*Id.*). The government opposed Defendant Alston's Motion to Sever on June 18, 2019 (Dkt. 72). The Court denied Defendant Alston's Motion to Sever on July 1, 2019, noting that "[a] great disparity of evidence alone will not serve as a basis for severance" and that because Alston "argued nothing more than a possible danger of spillover evidence, and because both Defendants are charged in a single count, his motions brought under Rules 8 and 14 [were] denied" (See Dkt. 72 (citing *United States v. Thomas*, 728 F.2d 313, 319 (6th Cir. 1984), abrogated on other grounds by *United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994)).

On December 4, 2019, Defendant Alston filed the instant motion to sever (Dkt. 130). In his motion, he argues that "[t]he spillover danger is no longer speculative or 'possible'" and that "[t]he spillover is real" (*Id.* at 4). Alston cites bank records and Petway's previous statements, as additions to his previous argument (*Id.* at 2). He further argues, that he "was not involved in any companion cases or related to any of the parties in the numerous other indictments the government has obtained involving the 'pill mill' cases" (*Id.*). He also notes he has nothing to do with investigations regarding money laundering or drug trafficking (*Id.*). According to Alston, "[t]he disparity of evidence and

3

repeated limiting instructions reasonably create the certainty of spill-over and prejudice against Dr. Alston" (*Id.* at 6).

## LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) permits joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "For the sake of promoting efficiency and avoiding the potential for inconsistent verdicts, joint trials of defendants who are indicted together are actually encouraged rather than discouraged." *United States v. Cope*, 312 F.3d 757, 779 (6th Cir. 2002) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)); *see also Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987). The public interest in joint trials is especially strong "when two defendants are accused of participating in a conspiracy or joint scheme." *Cope*, 312 F. 3d at 780 (citing *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1992)). "It is well settled that joinder is proper under Rule 8(b) where an indictment charges multiple defendants with participation in a single conspiracy." *United States v. (Thomas) Warner*, 690 F.2d 545, 551(6th Cir. 1982).

Pursuant to Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). However, "[s]everance is required 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Walls*, 293 F.3d 959, 966 (6th Cir. 2002) (quoting *Zafiro*, 506 U.S. at 539). "When a defendant seeks a severance, he has a heavy burden of

4

showing specific and compelling prejudice . . . ." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (citations omitted). "Defendants are not entitled to a separate trial simply because they may have a better chance of acquittal if they were tried alone." *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995).

## ARGUMENT

Defendant's supplemental motion to sever simply rehashes arguments previously denied by this Court, and ignores that the superseding indictment in fact strengthens the case against severance. Indeed, Alston does not address that he is now not only charged with conspiring with his co-Defendant, but also charged alongside Petway with aiding and abetting unlawful distribution in five substantive counts. Because Petway and Alston are alleged to "have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," and in particular the same conspiracy, they should be tried together under Rule 8. Moreover, Alston still has pointed to no compelling prejudice that warrants severance under Rule 14.

Alston continues to focus on the evidence against Petway as compared to him. However, "[a] great disparity of evidence alone will not serve as a basis for severance." *United States v. Thomas*, 728 F.2d 313, 319 (6th Cir. 1984), abrogated on other grounds by *United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994); *United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir.), on reh'g in part sub nom. *United States v. Graewe*, 774 F.2d 106 (6th Cir. 1985) ("Merely because inflammatory evidence is admitted against one defendant, not directly involving another codefendant (and with which the other is not charged) does not, in and of itself, show substantial prejudice in the latter's trial"); *see also United States v. (Robin) Warner*, 971 F.2d 1189, 1196 (6th Cir.1992) ("A defendant

5

is not entitled to severance because the proof is greater against a co-defendant." (citing *United States v. Anderson*, 626 F.2d 1358, 1373 (8th Cir.1980))).

Moreover, Alston is not detached from the evidence, as he suggests. For example, Alston argues (at 2) that he "is being attached to this indictment solely on the erroneous assertion that as the preceptor he tacitly approves all the prescriptions written by Ms. Petway"; that he "reviews only a small fraction of patient files on a monthly basis"; and that "[t]his procedure is in compliance with Tennessee law." Yet, his own expert report states that "a collaborating physician should sign *all* outpatient visit notes of patients who have been prescribed scheduled drugs" and that "a collaborating physician is *required by law to review all such charts*, [though] he/she has no foolproof way to insure this is being accomplished" (emphasis added). In fact, his signature is on patient charts who allegedly received controlled substances unlawfully. In addition, the instant motion cites bank records as more evidence that is unrelated to him, yet disregards that these records contain multiple checks for $750 written from "Superior Health and Wellness" to "Charles Alston." Furthermore, Alston complains about Petway's statements related to a prior practice, and he asserts (at 2) that he "was not involved in any companion cases or related to any of the parties in the numerous other indictments the government has obtained involving the 'pill mill' cases." But this is not accurate; he was indeed a preceptor at the prior practice that is the subject of another indictment.

Finally, Alston has pointed to no concrete basis why a limiting instruction is not sufficient. His motion concludes that "limiting instructions may be useful in certain scenarios, [but] cannot be so in this case" because "[n]early every piece of admitted evidence will require limiting." He does not, however, provide a basis for this assertion.

6

Because Petway and Alston are charged in the same conspiracy, much of the evidence against Petway is also admissible against Alston. *See, e.g., United States v. Coronado*, No. 13-CR-20813, 2014 WL 6475824, at *8 (E.D. Mich. Nov. 19, 2014) (citing *United States v. Capps*, 48 F.3d 1220, *5 (6th Cir.1995)) ("evidence admissible against a co-conspirator at trial is admissible against any other co-conspirator"). Even assuming, arguendo, that the evidence against Petway is not admissible against Alston, the jury is still "presumed capable of sorting out evidence"; Defendant's bald assertion to the contrary does not overcome this Sixth Circuit instruction. *See United States v. Cobleigh*, 75 F.3d 242, 247–48 (6th Cir. 1996) (citing *United States v. Moore*, 917 F.2d 215, 222 (6th Cir.1990) ("The jury must be presumed capable of sorting out the evidence and considering the cases of each defendant separately.")).

The Defendants are properly joined under Rule 8, and Defendant Alston has not met his burden under Rule 14 to show prejudice requiring severance. Accordingly, his motion should be DENIED.

        Respectfully submitted,

        D. MICHAEL DUNAVANT
        United States Attorney

By:    */s/ Jillian Willis*
        JILLIAN D. WILLIS
        Trial Attorney
        United States Department of Justice
        Criminal Division, Fraud Section

## **CERTIFICATE OF SERVICE**

    I, Jillian Willis, Trial Attorney in the United States Department of Justice, Criminal Division, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

    THIS the 18th day of December, 2019.

                                          */s/ Jillian Willis*
                                      JILLIAN D. WILLIS
                                      Trial Attorney
                                      United States Department of Justice
                                      Criminal Division, Fraud Section