IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. 1:19-cr-10041-JDB-1

BRITNEY PETWAY and
CHARLES ALSTON,

    Defendants.

_____

ORDER DENYING DEFENDANT BRITNEY PETWAY'S MOTION TO SEVER
_____

Before the Court is the December 13, 2019, motion of Defendant, Britney Petway, to sever her co-Defendant, Charles Alston, from this action, pursuant to Federal Rule of Criminal Procedure 14. (Docket Entry ("D.E.") 133.) The Government filed its response in opposition on December 27, 2019. (D.E. 145.)

## BACKGROUND

Alston and Petway were indicted by a grand jury on April 15, 2019, for conspiring to unlawfully distribute and dispense controlled substances in violation of 21 U.S.C. § 846. (D.E. 4.) On November 18, 2019, the Government filed a superseding indictment charging Defendants with five additional counts of unlawful distribution of a controlled substance (Counts Two through Six), in violation of 21 U.S.C. § 841(a)(1)(C), (b)(1)(C) and 18 U.S.C. § 2. (D.E. 119 at PageID 382–84.) In the superseding indictment, the United States maintains that Petway prescribed Schedule II and IV controlled substances outside the usual scope of professional practice and without a legitimate medical purpose while working as a nurse practitioner at Superior Health and Wellness Clinic, LLC in Jackson, Tennessee, and that, during these occasions, Alston was her supervising

physician.  (*Id.* ¶¶ 1–2.)  The superseding indictment also avers that Petway abused her privileges as a medical practitioner to generate large profits from the prescriptions for Defendants' personal use and benefit.  (*Id.* ¶¶ 18–25.)  Alston is allegedly culpable by lending an appearance of legitimacy to Petway's clinic, yet approving her misuse of the prescription privileges.  (*Id.*)

Pursuant to Federal Rule of Criminal Procedure 14, Petway moves to sever Alston from this action.  (D.E. 133.)  Defendant does not argue that the initial joinder of Defendants was inappropriate, but rather asserts that, "[u]pon information and belief," severance is required as "Alston's defense strategy would tend to exculpate [him]" at her expense.  (*Id.* at PageID 442.)  Without further explanation, Petway submits that this case "presents the type of mutually antagonistic defense" that satisfies Rule 14's prejudice standard.  (*Id.* (citing *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995)).)

In response, the Government contends that one co-defendant's attempt to inculpate another defendant is insufficient to demonstrate irreconcilable defenses and thus does not require severance.  (D.E. 145 at PageID 492.)  Further, assuming the presence of irreconcilable defenses, the United States avers that Defendant fails to point to any specific, compelling prejudice that would likely mislead or confuse the jury.  (*Id.* at PageID 492–93.)

## ANALYSIS

Federal Rule of Criminal Procedure 8(b) provides that an indictment "may charge [two] or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  In the Sixth Circuit, "[i]t is well settled that joinder is proper under Rule 8(b) where an indictment charges multiple defendants with participation in a single conspiracy."  *United States v. Warner*, 690 F.2d 545, 551 (6th Cir. 1982); *accord United States v. Saleh*, 875 F.2d 535, 538 (6th Cir. 1989) ("[U]nder Rule

2

8(b) courts may properly join in an indictment defendants charged with participation in a single conspiracy."). As noted above, Petway does not argue that the initial joinder of Defendants was inappropriate, but rather asserts that severance is necessary to avoid prejudice.

Where the joinder of defendants in an indictment "appears to prejudice a defendant," Rule 14(a) permits courts to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "[D]efendants are not entitled to a separate trial simply because they may have a better chance of acquittal if they were tried alone." *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995) (citing *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992)). Rather, a motion to sever will be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Walls*, 293 F.3d 959, 966 (6th Cir. 2002) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). This is a "heavy burden" that requires "showing specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials." *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984). Moreover, "[a] mutually antagonistic defense is not prejudicial *per se*, and Rule 14 does not mandate severance on that ground as a matter of law." *Breinig*, 70 F.3d at 853 (citing *Zafiro*, 506 U.S. at 535–39). Instead, "[t]he burden is on [the defendant] to show that an antagonistic defense would present a conflict 'so prejudicial that [the] defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" *United States v. Graham*, 484 F.3d 413, 419 (6th Cir. 2007) (quoting *Warner*, 971 F.2d at 1196); *accord United States v. Dhaliwal*, 464 F. App'x 498, 509 (6th Cir. 2012) (citing *United States v. Critton*, 43 F.3d 1089, 1098 (6th Cir. 1995) ("Antagonistic defenses are not sufficient to warrant severance; the defendant must show that the antagonistic defenses are likely to mislead or confuse the jury."));

*United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990) ("To meet this heavy burden, the defendant must demonstrate the jury's inability to distinguish the evidence relevant to each defendant.").

Further, "[e]ven where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (quoting *Zafiro*, 506 U.S. at 539). Indeed, the jury is presumed competent to sort out evidence and consider each defendant separately. *United States v. Rugiero*, 20 F.3d 1387, 1391 (6th Cir. 1994) (quoting *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987)).

Petway attempts to analogize the present case to that of *Breinig*, arguing that severance is necessary due to "the type of mutually antagonistic defense" that she expects Alston to present at trial. (D.E. 133 at PageID 442.) In *Breinig*, the defendant was tried jointly with his ex-wife on charges of tax evasion. *Breinig*, 70 F.3d at 851. The district court denied the defendant's motion to sever and permitted his former wife to present evidence that he "was an adulterous, mentally abusive, and manipulating spouse" to support her "defense of diminished capacity to negate her *mens rea*." *Id.* Although the Sixth Circuit found that the defendant satisfied Rule 14's prejudice standard, it concluded that "[t]he unfairness in [defendant's] trial resulted *not* from a mutually antagonistic defense, but from evidence the jury was permitted to hear and evaluate and which was, as to [defendant], impermissible and highly inflammatory evidence of his bad character." *Id.* at 853 (emphasis added). Importantly, the court emphasized that such evidence would have been inadmissible against the defendant "under any theory of the Federal Rule of Evidence on a trial for tax evasion," that the jury's consideration of such inadmissible evidence was "manifestly prejudicial" as the defendant's credibility was in issue, and that the "unique facts" of the case presented one of the "very few instances" where a denial of severance required reversal. *Id.*

This case stands in stark contrast to *Breinig*, and Defendant points to no evidence—such as inadmissible character evidence—that Alston may use in support of his defense that would prejudice her.  Moreover, the fact that Petway believes that Alston will attempt to exculpate himself at her expense does not meet Rule 14's standard for severance.  *Dhaliwal*, 464 F. App'x at 509 (citing *Warner*, 971 F.2d at 1196) ("[T]he attempt of one defendant to save himself by inculpating another defendant does not require that the defendants be tried separately.").  In short, Petway's vague assertion regarding her co-defendant's defense strategy fails to identify any specific prejudice or jury confusion that would result from a joint trial, much less that such prejudice is compelling or could not be cured by a limiting instruction.  *See Graham*, 484 F.3d at 419 (quoting *Warner*, 971 F.2d at 1196) (alterations in original) ("[A] difference in trial strategies [does not] mandate separate trials.").

## CONCLUSION

For the reasons provided herein, Petway's motion to sever is DENIED.

IT IS SO ORDERED this 30th day of December 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE