IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | INDICTMENT NO. |
| CHARLES ALSTON, M.D., *et al.*, | 1:19-CR-10041-JDB |
| Defendants. | |

*MOTION FOR BRADY/GIGLIO MATERIAL*

COMES NOW, Defendant Charles Alston ("Defendant"), by and through undersigned counsel, and respectfully requests this Court to order the disclosure of any deals offered to witnesses in exchange for testimony pursuant to *Giglio* and *Brady*. Defendant shows this Court the following:

1.

The 11/18/19 Superseding Indictment charges Defendant and co-defendant Petway with one count of Conspiracy to Distribute and Dispense Controlled Substances (21 U.S.C. § 846) and five counts of Unlawfully Distributing and Dispensing Controlled Substances and Aiding and Abetting (21 U.S.C. § 841(a)(1)(C), (b)(1)(C); 18 U.S.C. § 2).

2.

The Government will call the defendants' former patients that were prescribed the controlled substances to testify against Defendant and co-defendant Petway.

3.

The Government's theory is that Defendant was part of a "pill mill" operation. Therefore, if that were true, the testifying patients would also be subject to prosecution.

4.

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court of the United States interpreted the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States as establishing that the defendant in a criminal case has a right to obtain evidence favorable to the accused.

5.

The United States Supreme Court has further held that the Government may not suppress favorable evidence that is material to the credibility of one of its witnesses, which includes impeachment information.[1] *Giglio v. United States*, 405 U.S. 150 (1972).

---

[1] "The exact parameters of potential impeachment information are not easily determined. Potential impeachment information, however, has been generally defined as impeaching information which is material to the defense. This information may include but is not strictly limited to: (a) specific instances of conduct of a witness for the purpose of attacking the witness' credibility or character for truthfulness; (b) evidence in the form of opinion or reputation as to a witness' character for truthfulness; (c) prior inconsistent statements; and (d) information that may be used to suggest that a witness is biased."  See Policy Regarding the Disclosure to Prosecutors of Potential Impeachment Information Concerning Law Enforcement Agency Witnesses ("Giglio Policy"),

6.

Without limiting the generality of the foregoing, defendant specifically requests that the Government disclose any bargains reached with any witness or prospective witness in this case, including but not limited to:

a. The substance of any "deal" or understanding reached between agents or officers of the Federal or State Government and potential witnesses in this case;

b. The date that the bargains were reached;

c. The date on which the negotiation of such "deals were undertaken;

d. The proffer, if any, made by the witness as to information he could provide the Government, including the date that the proffer was made;

e. Any debriefing notes and summaries obtained by the Government as a result of such negotiations; and

f. The results of any polygraph examination given to witnesses, pursuant to such agreements.

7.

In addition to the basic questions regarding the bargain, Defendant seeks to have the Government disclose discussions with witnesses concerning deals,

---

https://www.justice.gov/archives/ag/policy-regarding-disclosure-prosecutors-potential-impeachment-information-concerning-law.

regardless of whether the potential benefits to those witnesses were ultimately agreed upon and reduced in a bargain.

8.

It is also requested that the Government reveal any prior deal that a witness has had with a Government agency in any other case whether local, state, or federal.

9.

These matters are particularly relevant to the witness' bias as it reflects his willingness, desire and experience in cooperating with the Government.

10.

Wherefore, Defendant respectfully requests this Court to grant this motion and order the disclosure of deals or bargains offered to any witnesses.

Respectfully submitted this 31st day of December 2019.

/s/ *Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
Facsimile (404) 865-3525
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy, Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | INDICTMENT NO. |
| CHARLES ALSTON, M.D., *et al.*, | 1:19-CR-10041-JDB |
| Defendants. | |

## *CERTIFICATE OF SERVICE*

I hereby certify that I have this day served a copy of the within and foregoing *MOTION FOR BRADY/GIGLIO MATERIAL* upon all parties involved via the federal e-filing system.

This 31st day of December 2019.

/s/ *Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
Facsimile (404) 865-3525
manny@aroralascala.com

/s/ *Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
wrobinson@rrylaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | INDICTMENT NO. |
| CHARLES ALSTON, M.D., *et al.*, | 1:19-CR-10041-JDB |
| Defendants. | |

### *CERTIFICATE OF CONSULTATION*

I hereby certify that on this day (12/31/19), opposing counsel was contacted via electronic mail and informed of Defendant's intention of filing the within and foregoing *MOTION FOR BRADY/GIGLIO MATERIAL*, and on this day (12/31/19), counsel for the Government has not notified Defendant of its stance on the motion at hand.  Notwithstanding, the Government has objected to all other motions by Defendant.

*/s/ Manubir S. Arora*
MANUBIR S. ARORA
Georgia Bar No. 061641
75 W Wieuca Rd. NE
Atlanta, Georgia 30342
Office (404) 881-8866
manny@aroralascala.com

*/s/ Worrick Robinson*
WORRICK ROBINSON
Tennessee Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219

                                                 Office (615) 726-0900
                                                 wrobinson@rrylaw.com