IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL CASE NO. 1:19-CR-10041-JDB |
| BRITNEY PETWAY, N.P., and CHARLES ALSTON, M.D., | |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE WITNESSES AND TO PRECLUDE TESTIMONY AND EVIDENCE**

COMES NOW, Defendant Charles Alston ("Defendant"), by and through undersigned counsel, and respectfully submits this Brief in Support of his Motion to Exclude Witnesses and to Preclude Testimony and Evidence That Is Irrelevant or Otherwise Inadmissible.

**I.     ARGUMENT AND CITATION OF AUTHORITY**

The government is seeking to admit testimony (or evidence) that the Defendant supervised 13 other nurse practitioners for some period during the time frame alleged in this criminal action. The government's stated purpose for seeking to admit this evidence is: (1) proof of knowledge; (2) proof of motive; (3) proof that Defendant made money from supervising nurse practitioners.

**A.     Admissibility of Other Act Evidence Under Rule 404(b)**

The Federal Rules of Evidence prohibit using "[e]vidence of any other crime, wrong, or *act*" to prove that a person acted in conformity with a particular

character trait, but it "may be admissible for another purpose." Fed. R. Evid. 404(b) (emphasis added). For this evidence to be admissible, it "must be sufficiently probative" to the crime alleged. *United States v. Cordero*, 973 F.3d 603, 621 (6th Cir. 2020).

Indeed, in any case when other-act evidence is offered for a non-propensity purpose, a district court must engage in a three-step inquiry to determine whether such evidence is admissible. *United States v. Jackson*, 918 F.3d 467, 483 (6th Cir. 2019).

> First, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. Second, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. Third, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*Id.*

### 1. *Evidence of Other Nurse Practitioners Is Inadmissible Character Evidence Because It Does Not Show Proof of Knowledge*

The Government's argument that evidence that Defendant was supervising 13 other nurse practitioners shows that Defendant "knew, or should have known, what being a supervising physician entailed" is not probative of any material issue other than character. (D.E. 191.)

The Government has stated that it "does not intend to introduce evidence at trial in this case showing that the defendant's supervision of additional nurse practitioners was illegal or was otherwise a bad act." (D.E. 191.) Thus, evidence of Defendant's *lawful* supervision of other nurse practitioners is not substantially similar to an alleged conspiracy to overprescribe medication and therefore is not sufficiently probative of knowledge or intent.

Furthermore, the mere fact that Defendant was supervising other nurse practitioners does not make it more or less likely that he knew or should have known what being a preceptor entailed because it is the rules and regulations promulgated by the Tennessee Board of Medical Examiners that dictate a supervising physician's duties. *See* TENN. COMP. R. & REGS. 00806-06. Defendant is not arguing that he did not know or was unaware of what his duties were as a preceptor.[1] Although the Government must still prove specific intent—as well as that Defendant actually committed the crime charged—evidence that he supervised other nurse practitioners, without incident, does not show that he knowingly overprescribed.

> 2. *Evidence of Other Nurse Practitioners Is Inadmissible Character Evidence Because It Does Not Show Proof of Motive*

---

[1] Thus, assuming arguendo that his defense was based on lack of intent, Defendant does not contend that his lack of knowledge was due to an unawareness of what his supervisory duties entailed.

The Government's other argument that the 13 other witnesses show proof of motive also fails for the same reasons. The Government alleges that it intends to use the 13 additional nurse practitioners merely to corroborate Defendant's own statement about the monetary benefit of being a supervising physician.[2] It states that it plans to call "a witness [who] will testify at trial that the defendant told the witness that supervising nurse practitioners was 'easy money.'" (D.E. 191.) The Government claims that both this statement and the 13 additional witnesses show proof of motive. However, as the Sixth Circuit has noted, "the line between inadmissible evidence of character and admissible evidence of motive is sometimes less than clear." *Turnpin v. Kassulke*, 26 F.3d 1392, 1400 (6th Cir. 1994). "Evidence of a person's motives is sometimes mistaken for evidence of the propensities those motives have created." *Id.*

Discussing the reason for the confusion, the First Circuit has explained that "[u]nlike knowledge and intent, *motive is not an element of the crime* that the government must prove. For that reason, proof of motive must be offered to show some other element, for example, that the crime was committed, the identity of the accused, or the accused's requisite mental state." *United States v. Varoudakis*, 233 F.3d 113, 120 (1st Cir. 2000) (citing 22 Charles A. Wright & Kenneth A. Graham,

---

[2] However, the proffered statement is not the type of statement by a defendant that requires corroboration with independent evidence because it is neither a confession of guilt nor an admission of fact made after the crime occurred. *See Opper v. United States*, 348 U.S. 84, 89–90 (1954). It is simply a comment about the benefits of Defendant's job and requires no evidence corroborating the fact that the statement was made or that Defendant was the declarant to be admissible.

Jr., *Federal Practice and Procedure*, § 5240 (1978)). In *Varoudakis*, the prosecution offered testimony not only about the defendant's prior bad act, but also his motive for the prior act to prove motive for the crime charged. *Id.* It argued that the defendant's "commission of the car fire arson in response to financial stress makes it more likely that he committed the restaurant arson in response to financial stress." *Id.* The First Circuit held that the district court erred in admitting such evidence to prove motive because it involved the impermissible "inference of propensity as 'a necessary link in the inferential chain.'" *Id.* (quoting *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996)).

Like the prosecution in *Varoudakis*, 233 F.3d 113, the Government is attempting to do the same thing here. In its Omnibus Response to Defendant's Pretrial Motions (D.E. 191), the Government admits that it intends to argue that the fact that Defendant was financially motivated to supervise multiple nurse practitioners makes it more likely that he was financially motivated to conspire with Co-Defendant Petway to overprescribe controlled substances. But a general desire to make "easy money" does not show a motive to commit a crime. *See Glenn v. Prelesnik*, No. 1:08-CV-1002, 2012 WL 4464296, at *6 (W.D. Mich. Feb. 14, 2012) (stating that "questions about [the defendants'] employment status were improper because poverty or unemployment is generally not admissible to show a motive to steal"). Rather, "[t]his is precisely the type of propensity evidence that Rule 404(b) prohibits—using another act ([supervising other nurses]), to prove that [Defendant] had a character trait ([greed]), such that on a particular occasion

he acted in accordance with that character trait ([by conspiring to overprescribe controlled substances]).″ *United States v. Hazelwood*, 979 F.3d 398, 411 (6th Cir. 2020).

### 3. Evidence of Other Nurse Practitioners to Prove That Defendant Made Money from Supervising Nurse Practitioners Is Misleading and Substantially More Prejudicial Than Probative

Not only is this the type of Trojan horse that the First Circuit warned against in *Varoudakis*, 233 F.3d 113, but it also creates the adverse inference that Defendant's supervision of 13 other nurse practitioners was illegal. Under Tennessee law, an eligible certified nurse may own and operate a practice wherein medical services are provided, so long as such services are under the supervision, control, and responsibility of a licensed physician. Tenn. Att'y Gen. Op. No. 07-116 (Aug. 8, 2007), 2007 WL 2819326. Accordingly, it is not illegal for Defendant to be compensated for supervising nurse practitioners. The Government's Omnibus Response acknowledges as much by "contend[ing] that evidence related to the Defendant's practice during the time of the indictment is not '[e]vidence of any other crime, wrong, or act.'" (D.E. 191.) Thus, the sheer fact that the Government intends to prove that Defendant was financially motivated to violate the law by offering evidence that he had the same motive for doing lawful acts shows that such evidence only serves to mislead the jury into thinking that his other

supervising relationships must be illegal or otherwise aberrant.[3] To accept this evidence as proof that Defendant had motive to commit the crime, a jury would have to infer that Defendant's supervision of Co-Defendant Petway was no different than his supervision of the other nurse practitioners.

In addition to assessing whether other act evidence is probative of a material issue other than character, a district court must also conduct a Rule 403 balancing test to determine if the evidence is admissible. *Jackson*, 918 F.3d at 483. When balancing the probative value of other act evidence against its prejudicial effect, "[o]ne factor in that assessment is the availability of other means of proof, which would reduce the need for potentially confusing evidence." *Hardy*, 643 F.3d at 152–53. Assuming arguendo that evidence of the 13 additional witnesses was probative of Defendant's motive, any probative value would be substantially outweighed by the danger of unfair prejudice because the Government can show evidence of motive without creating a negative inference about Defendant's other

---

[3] Imagine a comparable scenario: One day a person decides to sell her vintage baseball cards to make some extra cash. She sells each card to a different pawnshop. She is later accused of selling a counterfeit trading card to a pawnshop and subsequently charged with fraud. At trial, the prosecution introduces evidence of that she sold other trading cards to make "easy money" as proof of her motive for selling a counterfeit card but does not allege that the other transactions were fraudulent or otherwise illegal. However, by introducing these other transactions and arguing that they prove the defendant committed the crime charged naturally leads the jury to assume that those transactions were also illegal.

supervisory relationships by offering Defendant's statement that supervising nurse practitioners was "easy money."[4]

## II. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion to Exclude Witnesses and to Preclude Testimony and Evidence That Is Irrelevant or Otherwise Inadmissible (D.E. 190).

Respectfully submitted, this 6th day of July, 2021.

/s/ Manubir S. Arora
Manubir S. Arora
GA Bar No. 061641
75 W. Wieuca Road, N.E.
Atlanta, GA 30342
Office (404) 609-4664
Facsimile (404) 865-3525
manny@arora-law.com

/s/ Worrick Robinson
Worrick Robinson
TN Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
Facsimile (615) 256-3634
wrobinson@rrylaw.com

---

[4] However, Defendant contends that a general desire to earn money without difficulty does not show a motive to commit a crime. *See Glenn v. Prelesnik*, No. 1:08-CV-1002, 2012 WL 4464296, at *6 (W.D. Mich. Feb. 14, 2012).

## IN THE UNITED STATED DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL CASE NO. 1:19-CR-10041-JDB |
| BRITNEY PETWAY, N.P., and CHARLES ALSTON, M.D., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Brief in Support of Defendant's Motion to Exclude Witnesses and to Preclude Testimony and Evidence* upon all parties involved via the federal e-filing system.

This 6th day of July, 2021.

/s/  *Manubir S. Arora*
Manubir S. Arora
GA Bar No. 061641
75 W. Wieuca Road, N.E.
Atlanta, GA 30342
Office (404) 609-4664
Facsimile (404) 865-3525
manny@arora-law.com

/s/  *Worrick Robinson*
Worrick Robinson
TN Bar No. 015009
446 James Robertson Pkwy
Suite 200
Nashville, TN 37219
Office (615) 726-0900
Facsimile (615) 256-3634
wrobinson@rrylaw.com