IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. 1:19-cr-10041-JDB-2

CHARLES ALSTON,

    Defendant.

_____

ORDER ON GOVERNMENT'S OMNIBUS MOTION IN LIMINE
_____

Before the Court in this matter is the omnibus motion in limine of the Government (Docket Entry ("D.E.") 146), to which the Defendant, Charles Alston, has responded (D.E. 204). Specifically, the Government seeks to exclude from trial statements or testimony in the presence of the jury concerning the following topics without prior permission of the Court:

    1.    Any suggestion or accusation that a prosecutor or agent engaged in misconduct;

    2.    The presence or absence of any particular person on the government's witness list, or the government's choice to call or not call a particular witness;

    3.    Any out-of-court statements made by the Defendant or any other person if offered to prove the truth of the matter asserted;

    4.    Disputes over discovery, including the timing of the production of records to the government by witnesses;

    5.    Which other persons have, or have not, been charged in this or other cases;

    6.    Any argument that encourages jurors to ignore the law, not follow this Court's instructions, or otherwise violate their oaths as jurors;

    7.    Plea negotiations, plea offers, or the rejection of a plea offer;

8.   Potential punishment or any other consequences that might result from a conviction;

9.   Defense counsel's personal opinions of, or relationship with, the Defendant[];

10.  The use of interview reports prepared by law enforcement to impeach government witnesses;

11.  Specific instances of prior good acts or lack of prior bad acts;

12.  Improper character testimony;

13.  Evidence that the Defendant[] acted with good intentions with respect to Counts 2 through 6;

14.  The existence or content of the United States' motions and any order of this Court in response to those [m]otions; and

15.  Certain expert testimony.

A motion in limine "is a request for guidance by the court regarding an evidentiary question[,]" which the "court may, in its discretion, provide . . . by making a preliminary ruling with respect to admissibility." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983).  Unless evidence is "patently inadmissible for any purpose," however, the "'better practice' is to defer evidentiary rulings until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context[.]"  *United States v. Stone*, ___ F. Supp. 3d ___, 2021 WL 2371509, at *2 (W.D. Ky. June 9, 2021) (internal citations and some quotation marks omitted).  Moreover, "because in limine rulings are advisory in nature, a court may alter its ruling during the course of the trial."  *United States v. Mize*, 498 F. Supp. 3d 978, 982 (S.D. Ohio 2020).

It appears to the Court in reviewing Alston's response that he has no objection to, or understands his obligations under the Federal Rules of Evidence with respect to, Request Nos. 3, 4, 5, 6, 7, 10, 12, and 14.  Accordingly, the Government's motion is GRANTED as to those requests.  The Court will address the challenged requests below seriatim.

Request No. 1.

The Government submits that suggestions or allegations of misconduct on the part of a prosecutor or agent should be handled outside the presence of the jury so that the Court may determine the factual foundation and probative value of such allegations. The Court concurs. Request No. 1 is GRANTED. *See United States v. Auzenne*, Criminal No. 2:19-CR-53-KS-MTP, 2020 WL 6438665, at *1 (S.D. Miss. Nov. 2, 2020) ("If Defendants want to present any evidence or argument that any prosecutor or agent engaged in misconduct, they must first raise the issue with the Court outside the presence of the jury.").

Request No. 2.

The Government seeks an order precluding Defendant from commenting or asking the jury to draw any negative inference from its failure to call a particular witness. In this circuit, "[a]n adverse inference is permitted from the failure of a [party] to call witnesses if they are peculiarly within [that party's] power to produce and if their testimony will elucidate the transaction." *United States v. Blakemore*, 489 F.2d 193, 195 (6th Cir. 1973) (internal quotation marks omitted); *see also United States v. Russell*, No. 96-2128, 1998 WL 136574, at *4 (6th Cir. Mar. 19, 1998) (citing *Blakemore*). This analysis is to be "strictly applied." *Blakemore*, 489 F.2d at 195. At this juncture, it is unknown to the Court whether there will be any non-testifying witnesses for the Government and, if so, whether they are "peculiarly within [the Government's] power to produce and if their testimony will elucidate" the events at issue. Accordingly, any attempt by the Court to engage in the *Blakemore* analysis at this time would be premature. *See United States v. Georges*, Case No. 2:20-cr-157 (2), 2021 WL 4191223, at **3-4 (S.D. Ohio Sept. 15, 2021) (court's attempt at the *Blakemore* analysis would be premature where it was unclear whether the government intended to

3

call all its witnesses and whether those witnesses were peculiarly within its power to produce and their testimony would elucidate the events at issue).  Request No. 2 is DENIED without prejudice.

Request No. 8.

As noted above, this request seeks preclusion of references at trial to possible punishment or other consequences resulting from a conviction, citing *Shannon v. United States*, 512 U.S. 573, 579 (1994).  *Shannon* addressed the issue of whether it is appropriate for a jury to consider the consequences of its verdict to a defendant.  *Shannon*, 512 U.S. at 575.  The United States Supreme Court articulated its position in pertinent part as follows:

> It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed. The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged.  The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict.  Information regarding the consequences of a verdict is therefore irrelevant to the jury's task.  Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Id.* at 579 (internal citations, footnotes, and quotation marks omitted).  In response, Defendant agrees that such evidence with respect to any punishment he faces is not admissible.  To that extent, Request No. 8 is GRANTED.

Alston objects to the request, however, "on the ground that such information is admissible for the purposes of cross-examination of witnesses cooperating with the Government." (D.E. 204 at PageID 735.)  As *Shannon*, the sole case relied upon by the Government, dealt with a jury's consideration of the consequences to be visited upon a defendant resulting from a conviction, it appears to the Court Defendant's assertion regarding cooperating witnesses may perhaps lie

outside the scope of the Government's request.  Absent some fleshing out of Alston's argument in this regard at trial, the Court declines to issue any additional ruling on Request No. 8.

Request No. 9.

The Government submits that defense counsel's personal opinion of, or relationship with, Alston should be precluded as it is irrelevant and would constitute impermissible testimony on behalf of Defendant's counsel unless he took the stand as a witness.  Indeed, "it is well established that the personal opinion of counsel has no place at trial."  *Irick v. Bell*, 565 F.3d 315, 326 (6th Cir. 2009) (quoting *United States v. Collins*, 78 F.3d 1021, 1039 (6th Cir. 1996)) (brackets omitted); *see also Georges*, 2021 WL 4191223, at *6 (granting government's motion to exclude personal opinions of defense counsel and information concerning counsel's relationship with the defendant).

Alston objects to the request on the ground that "his counsel can comment on Defendant's character if the Defense chooses to raise the issue," citing Rule 404(a)(2)(A) of the Federal Rules of Evidence.  (D.E. 204 at PageID 735.)  Rule 404(a)(1) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."  Fed. R. Evid. 404(a)(1).  An exception to the general rule in a criminal case permits a defendant to "offer evidence of the defendant's pertinent trait," which the prosecution can then rebut.  Fed. R. Evid. 404(a)(2)(A).  The rule does not speak to an attorney's "comments."  As the Court commonly instructs the jury, and as Alston's counsel is surely aware, an attorney's statements are not evidence.  Request No. 9 is GRANTED.

Request No. 11.

The Government requests preclusion of evidence at trial of specific instances of prior good acts or lack of prior bad acts.  Other acts evidence, which is governed by Fed. R. Evid. 404(b),

prohibits the use of such evidence "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Thus, as the Sixth Circuit recognized in *United States v. Dimora*, 750 F.3d 619 (6th Cir. 2014), "[f]or the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes." *Dimora*, 750 F.3d at 630. Therefore, the Court agrees with the Government's proposition that Defendant is precluded from introducing "good acts" evidence and grants the request to that extent.

Other act evidence may, however, be admissible for some other purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Neither the Government nor the Defendant has described the nature of any "good acts" evidence to be offered at trial. Thus, the Court is unable at this point to determine whether such acts may be admissible for a proper non-character purpose. If and when such evidence is presented at trial, the Court will evaluate whether that evidence is admissible in the full context of the proceedings.

Request No. 13.

Alston, a licensed medical doctor, has been charged in Counts 2 through 6 of the superseding indictment with distributing and dispensing controlled substances in violation of 21 U.S.C. § 841. (*See* D.E. 119.) The statute criminalizes the knowing or intentional manufacture, distribution, or dispensing of a controlled substance. 21 U.S.C. § 841(a)(1). The implementing regulation provides that "[a] prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). A person who knowingly issues a prescription

"not in the usual course of professional treatment . . . shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances." *Id.* In this request, the Government seeks to preclude evidence of Alston's "good intentions."

In doing so, the Government cites to the Sixth Circuit's opinion in *United States v. Godofsky*, 943 F.3d 1011 (6th Cir. 2019), which distinguished between a proper good faith defense and an improper "good intentions defense." The former is "an objective good faith attempt to comply with the law, as measured against the actions of a reasonable doctor under the circumstances, allowing for reasonable mistake or misunderstanding; that is, a doctor who acts in accordance to what he reasonably believed to be proper medical practice." *Godofsky*, 943 F.3d at 1026 (citing *United States v. Volkman*, 797 F.3d 377, 387 (6th Cir. 2015)) (emphasis, brackets, and internal quotation marks omitted). In contrast, a defendant's assertion that his good intentions, or his personal, subjective belief that his prescription would benefit his patient even though the prescription was for an unprofessional and illegitimate purpose, is not an appropriate defense. *Id.* That is, "[a] physician's own individual treatment methods do not, by themselves, establish what constitutes a 'usual course of professional practice.'" *Id.* (quoting *Volkman*, 797 F.3d at 387). In response, Alston submits that he is not attempting to assert the latter, improper defense that he personally believed that unprofessional and illegitimate actions were nonetheless of benefit to his patients. Request No. 13 is GRANTED.[1]

Request No. 15.

The Government argues that the Defendant's expert should not be permitted to offer testimony concerning other "sting operation" or law enforcement efforts, or on what Alston

---

[1] The Government also again points to Rule 404's prohibition of good character evidence. As the Court has discussed good acts evidence under Rule 404 in the previous section, it need not do so again here.

7

specifically did or did not know. It also asserts that expert testimony may not be used to provide Defendant statements or provide opinion regarding his mental state. In response, the Defendant "objects" on the grounds that he has provided his expert witness summary, which does not appear to be in the Court record, and that the expert will testify as appropriate under the Federal Rules of Evidence. As it is unclear based on what is before the Court whether any of the testimony referenced in Request No. 15 will be offered at trial and in light of Alston's assertion that he will comply with the applicable evidentiary rules, the request is DENIED without prejudice.

    IT IS SO ORDERED this 20th day of October 2021.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE