IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Cr. No. <u>1:19-cr-10041-2-JDB</u> |
| CHARLES ALSTON, | * | |
| Defendant. | * | |

## PLEA AGREEMENT

The Defendant, CHARLES ALSTON, by and through his counsel, Manubir S. Arora, knowingly and voluntarily agrees with the United States, through Kevin G. Ritz, United States Attorney for the Western District of Tennessee, Glenn S. Leon, Chief, Fraud Section, Criminal Divison, U.S. Department of Justice, and through Leslie Williams Fisher and Sara Porter, the undersigned Trial Attorneys, to enter into the following plea agreement pursuant to Fed. R. Crim. P. 11.

1. The Defendant agrees to enter a plea of guilty to Count One of the Superseding Indictment in this matter. In Count One of the Superseding Indictment, the Defendant is charged with Conspiring to Unlawfully Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846. The maximum penalty for Conspiracy to Distribute a Schedule II Controlled Substances is 20 years imprisonment, a fine of not more than $1,000,000, or both, to be followed by three years supervised release.

1

2. The Defendant further agrees that:

a. The Defendant having a Drug Enforcement Administration controlled substance registration number ("DEA number") at any time in the future would be against the public interest. As such, the Defendant understands, acknowledges, and agrees that as a result of this Plea Agreement, he will be permanently prohibited from obtaining or maintaining a DEA number. The Defendant agrees to undertake all steps necessary to effectuate the terms of this paragraph, including completing and executing all necessary documents provided by any department or agency of the federal government, within sixty (60) days of the execution of this Plea Agreement.

b. He is pleading guilty to Count One the Superseding Indictment because he is guilty of the charge contained within;

c. If he had proceeded to trial and had been convicted, he would have had the right to appeal the conviction. He understands that by pleading guilty, he gives up the right to appeal the conviction. Based on concessions made in this plea agreement by the United States, he also hereby waives his rights to appeal his sentence, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing;

d. Except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, he waives his right to challenge the sufficiency or the voluntariness of his guilty plea on direct appeal or in any collateral attack;

e. The special assessment of $100 is due and payable to the U.S. District Court Clerk's Office, and the Defendant agrees to provide the United States with evidence of payment immediately after sentencing; and

f. This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

3. The Defendant admits that if put to its burden at trial, the government would be able to prove the following beyond a reasonable doubt:

*From in and around June 2016 to in and around April 2019, Britney Petway owned and operated Superior Health and Wellness, located in the Eastern Division of the Western District of Tennessee. While practicing at Superior*

2

*Health, and under the supervision of the Defendant, Ms. Petway, a nurse practioner, distributed controlled substances, including Hydrocodone, Oxycodone, and Alprazolam, outside the scope of professional practice and not for a legitimate medical purpose. Specifically, Ms. Petway unlawfully distributed Hydrocodone to JC on or about July 21, 2016, August 24, 2016, and October 26, 2016; Oxycodone to BD on or about October 11, 2016 and November 22, 2016; and Hydrocodone and/or Alprazolam to CD on or about September 1, 2016, December 1, 2016, March 30, 2017, and November 13, 2017.*

*During the relevant conduct period, the Defendant was Ms. Petway's preceptor, or supervising physician. He had access to her controlled substance charts and reviewed patient charts monthly at her practice. The Defendant was paid approximately $750 per month by Ms. Petway to be her preceptor. Without the Defendant, Ms. Petway could not write the prescriptions detailed above. The Defendant conspired with Ms. Petway to distribute controlled substances outside the scope of professional practice and not for a legitimate medical purpose.*

4. The Defendant understands that:

a. If the United States receives information between the signing of this agreement and the time of the sentencing that the Defendant has previously engaged in, or if he engages in the future, conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change;

b. Should it be judged by the United States that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. § 3C1.1 from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw the plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits.  Such a breach by the Defendant would not release the Defendant from the plea of guilty; and

c. The Defendant further expressly waives his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon affixing his signature to this plea agreement.  The Defendant understands and agrees that in the event the Defendant violates the plea agreement, the Defendant does not enter his plea of guilty, or his guilty plea is for any reason withdrawn, any statements made by the Defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the Defendant during any court proceeding involving the defendant's plea of guilty, including the "agreed facts" set forth herein, any other factual bases or summaries signed by the defendant, and any

        leads from such statements, factual bases or summaries, shall be admissible for all purposes against the Defendant in any and all criminal matters.

5. The Fraud Section of the United States Department of Justice Criminal Division agrees not to further prosecute the Defendant for any other non-tax criminal offenses committed by the Defendant that are related to the charges contained in the Superseding Indictment in this case that are known to the Fraud Section of the United States Department of Justice Criminal Division at the time this plea agreement is signed by both parties.

6. The parties agree that the Defendant's base offense level, including relevant conduct under U.S.S.G § 2D1.1(c)(11), is 18. Specifically, the Defendant admits that during the relevant time period, the Defendant conspired to distribute oxycodone, hydrocodone, and alprazolam, and this was knowingly and intentionally done with no legitimate medical purpose and outside the scope of professional practice. The converted drug weight of these prescriptions is at least 40 KG but less than 60 KG ("the Agreed Weight under U.S.S.G § 2D1.1(c)(11)").

7. Pursuant to Section U.S.S.G § 3E1.1(a) and (b), the United States agrees to a three (3) level decrease in the offense level for the Defendant's timely acceptance of responsibility, provided that the Defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing. If the United States receives information between the signing of this agreement and the time of the sentencing that the Defendant has previously engaged in, or if he engages in the future, conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change.

8. If the Defendant satisfies the requirements of § 5C1.2, the government agrees not to oppose the application of the safety valve provisions at sentencing.

9. The parties do not agree on the applicability of any additional guidelines provisions, and the Defendant understands that the parties' disputes about the applicability of these guidelines will be resolved by the Court at sentencing. However, the government will recommend a sentence in the lower end of the Guidelines as calculated by the court.

10. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be.

11. By signing this agreement, the Defendant affirms that he is satisfied with his lawyers' counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the Defendant or to the Defendant's attorneys with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

12. If the Defendant pleads guilty to Count One of the Superseding Indictment, persists in that plea through sentencing, and, if applicable, the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Superseding Indictment at the time of sentencing.

_____  12/16/22
CHARLES ALSTON             Date
Defendant

_____  12/16/22
MANUBIR S. ARORA           Date
Defendant's Counsel


GLENN S. LEON
Chief, Fraud Section
Criminal Divison
U.S. Department of Justice


By:

_____  12/16/22
LESLIE WILLIAMS FISHER     Date
SARA PORTER
Trial Attorneys, Health Care Fraud Unit
Fraud Section, Criminal Divison
U.S. Department of Justice